NOT FOR PUBLICATION

FILED

DEC 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLENDA SUYAPA FLORES YANES,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-255<br><br>Agency No.<br>A202-128-875<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2024[**]
Pasadena, California

Before: BYBEE, BENNETT, and DESAI, Circuit Judges.

Glenda Suyapa Flores-Yanes, a native and citizen of Honduras, petitions for

review of a Board of Immigration Appeals ("BIA") decision dismissing an appeal

from the denial by an immigration judge ("IJ") of her applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denials for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We "must uphold the agency determination unless the evidence compels a contrary conclusion." *Id*. We deny the petition.

1. The BIA denied Flores-Yanes's asylum and withholding of removal claims because she failed to establish a nexus between her protected ground and any past or future harm. The record does not compel a contrary conclusion. Flores-Yanes failed to show that the perpetrators were motivated by her family-based proposed social group. Indeed, Flores-Yanes testified that she did not know why she was being targeted or who was targeting her. *See Ochave v. I.N.S.*, 254 F.3d 859, 865 (9th Cir. 2001); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We thus deny the petition as to Flores-Yanes's asylum and withholding of removal claims.

2. Substantial evidence also supports the BIA's conclusion that Flores-Yanes is ineligible for CAT relief. To qualify for CAT relief, an applicant must prove that it is more likely than not that she will be tortured by or with the acquiescence of the government if removed. 8 C.F.R. § 1208.16(c)(2). The record does not compel the conclusion that it is more likely than not that the Honduran government would

acquiesce in Flores-Yanes's torture. To the contrary, the record shows that the police investigated her partner's death and attempted to locate the perpetrators who threatened her. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) (holding that even when the government's "steps have not achieved the desired goals of resolving crimes and protecting citizens, they support the BIA's determination that the government is not wilfully [sic] blind"). Flores-Yanes relied exclusively on generalized country reports to establish government acquiescence, but that alone is insufficient to compel a finding of government acquiescence in light of the other evidence showing that the government investigated her partner's death and attempted to locate the perpetrators who threatened her. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (finding that "inability to bring the criminals to justice" and "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence"). We therefore deny the petition as to Flores-Yanes's CAT claim.

**PETITION DENIED.**